John H. Kazajian and Deborah Swindells, Anderson, Russell, Kill & Olick, P.C., New York City, for plaintiff.

Jerrold T. Doros, Doros & Blessey, P.C., New York City, for defendant.

**KEENE CORPORATION, Plaintiff,**

v.

**John BOGAN, Defendant.**

**No. 88 Civ. 0217 (MBM).**

United States District Court,
S.D. New York.

April 19, 1988.

## OPINION AND ORDER

MUKASEY, District Judge.

This action grows out of the plaintiff's acquisition in 1984 of the assets of SRS Industries, Inc., a California corporation, and the plaintiff's subsequent dissatisfaction with what it bought and with the defendant, an officer of the seller and himself a California resident employed by plaintiff after the acquisition and later fired. The defendant moves to dismiss for lack of personal jurisdiction. The motion is denied.

### I.

According to the allegations in the complaint, the plaintiff Keene Corporation in June 1984 acquired assets of SRS, a California corporation, which assets were operated thereafter as a division of Keene. The defendant Bogan, president of SRS before the acquisition, became an officer of the Keene division that operated the acquired assets. In connection with the transaction, he executed on the same date as the asset purchase agreement a note to SRS, which was then assigned, pursuant to its terms, to the plaintiff. The asset purchase agreement specifies that it is gov-

---

erned by New York law and contains the following forum selection clause:

*Jurisdiction and Service of Process.*

Any action relating or incident to this Agreement and the Schedules hereto, or the breach hereof or thereof, shall be brought in a court located in the State of New York, County of New York; and (i) the parties hereby consent to the jurisdiction of such court for the purposes hereof, and (ii) the parties acknowledge that service of process in connection therewith shall be proper and effective if given in accordance with Section 12 above.

After Keene fired him, Bogan challenged the termination by filing suit in the state courts of California. In that action, later removed to federal court, Bogan asserted that his employment by Keene had come about as the result of and in connection with the 1984 assets transaction. Thus he alleged that he recognized the proffered purchase price for his interest in SRS was inadequate, but that if he became employed by Keene to run the new division, comprised of the acquired assets, he would be in a position to enhance payments due to him under an earn-out formula provided for in the asset purchase agreement. (Cal. Cmplt. ¶ 19) He further asserted that he would not have agreed to Keene's proposal absent Keene's recognition that he would have full authority to run the new division for five years. (Cal.Cmplt. ¶ 20) Finally, Bogan alleged flatly in that action that Keene's termination of his employment violated the 1984 asset purchase agreement. (Cal.Cmplt. ¶ 29) Bogan's California action was dismissed based on the forum selection clause above quoted, although that decision is now on appeal before the Ninth Circuit.

The complaint against Bogan here asserts five claims for relief. The first is to enforce a note executed by defendant in connection with the 1984 transaction; the second and third allege breaches of the 1984 agreement executed by plaintiff and defendant in connection with the assets purchase; the fourth alleges breach of fiduciary duty, presumably in connection with the defendant's employment after and incident to the asset purchase agreement;

the last seeks a declaratory judgment that plaintiff's termination of Bogan's employment was proper.

## II.

Although the plaintiff asserts as an alternative theory of jurisdiction that Bogan was doing business in New York for purposes of the New York long-arm statute, CPLR § 302, I need not and do not go beyond the forum selection clause to decide this motion. Bogan's insistence that the clause does not cover this dispute, or that he is a party only to certain clauses of the asset purchase agreement and not to others (including the forum selection clause), is unavailing.

First, that agreement on its very first page lists Bogan as a party. Moreover, he signed it both individually and on behalf of the seller. Bogan finds significance in the fact that his signature as an individual is preceded by an assent to paragraphs 1(k), 8, 9 and 10 of the agreement and the sufficiency of consideration with respect thereto. From this he argues that he should be deemed to have signed only those paragraphs and not others—most specifically not the forum selection clause. Yet it is plain that the enumerated paragraphs impose on Bogan specific obligations, and that he is simply acknowledging the adequacy of consideration received in return. However, Bogan's rights and obligations are referred to and defined in other paragraphs of the agreement as well. *See, e.g.,* ¶¶ 1(f), 3(c), 5(f)(iv), 7(a)(ii). Thus his signature could not have been limited to the paragraphs enumerated above it. Paragraph 15, which contains the forum selection clause and which permits service of process in the manner specified in paragraph 12, which in turn refers to Bogan, is certainly applicable to Bogan.

Nor is it persuasive for Bogan to argue that the claims here are unrelated to the asset purchase agreement. The first claim involves a note whose transfer to plaintiff is specifically provided for in paragraphs 7(a)(v) and (vii)(E) of that agreement. The second and third allege breach of representations in the agreement; Bogan's liability

for such breaches is established in paragraph 8(b) of the agreement. The fourth and fifth deal with Bogan's employment, which he himself has alleged in his California action is related to and arises from the asset purchase agreement, a position he cannot simply abandon here, particularly while he pursues his Ninth Circuit appeal, *see Sperling v. United States,* 692 F.2d 223, 228 (2d Cir.1982) (Van Graafeiland, J. concurring), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983), and one which in any event is at least *prima facie* consistent with the facts as they now appear. *Cutco Industries, Inc. v. Naughton,* 806 F.2d 361, 368 (2d Cir.1986).

Accordingly, the defendant's motion to dismiss for lack of jurisdiction must be denied.